**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| **TABATHA WILSON, On Behalf of HERSELF and All Others Similarly Situated,** | ) ) ) | |
| | ) | **COLLECTIVE ACTION** |
| *Plaintiff,* | ) | |
| | ) | **CASE NO. _____** |
| **v.** | ) | |
| | ) | **JUDGE _____** |
| **NY PIZZA COMPANY, LLC d/b/a JOHNNY'S PIZZA,** | ) ) | |
| | ) | **JURY DEMAND** |
| *Defendant.* | ) | |
| | ) | |

## COLLECTIVE ACTION COMPLAINT

1.     Plaintiff Tabatha Wilson ("Named Plaintiff") brings this collective action on behalf of herself and all others similarly situated against Defendant NY Pizza Company, LLC d/b/a Johnny's Pizza ("NY Pizza Co."), her employer, to recover unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA").

2.     NY Pizza Co. is a franchisee of Johnny's Pizza Franchise Systems, Inc.  Named Plaintiff and those similarly situated are servers who worked for NY Pizza Co. during the applicable statutory period in at least one of its restaurants.

3.     Named Plaintiff brings her FLSA claims on her own behalf and on behalf of all similarly situated employees of NY Pizza Co. as a collective action pursuant to 29 U.S.C. § 216(b).

## JURISDICTION

4.     This Court has jurisdiction over Named Plaintiff's claims because they are brought pursuant to 29 U.S.C. § 216(b) and because they raise a federal question pursuant to

28 U.S.C. § 1331.

5.     Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant NY Pizza Co. resides in this judicial district and because the claims arose in this judicial district.

## PARTIES

6.     Named Plaintiff Tabatha Wilson is a resident of Winder, Barrow County, Georgia and was employed by NY Pizza Co. as a server at its Johnny's Pizza restaurant located in Bethlehem, Barrow County, Georgia from or around December 2017 until April 2018.

7.     Defendant NY Pizza Co. is a Georgia corporation with its principal office located at 2999 Shenandoah Valley Road, NE, Atlanta, GA 30345. Defendant's registered agent in Georgia can be served at the same address.

8.     Throughout the statutory period covered by this action, NY Pizza Co. employed individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce or are engaged in handling, receiving, selling, or otherwise working on goods or materials that were moved in or produced for interstate commerce. As such, NY Pizza Co. is and was covered by the FLSA.

## FACTS

9.     Named Plaintiff and those she seeks to represent in this action were employed as servers for NY Pizza Co.

10.     During the three-year period relevant to this lawsuit, NY Pizza Co. has employed dozens, if not hundreds, of servers.

11.     From approximately December 2017 until April 2018, Named Plaintiff was employed by NY Pizza Co. as a server at its location in Bethlehem, Georgia.

2

12.     NY Pizza Co. paid Named Plaintiff and other servers at its Georgia restaurants an hourly wage below $7.25. For example, NY Pizza Co. paid Named Plaintiff an hourly wage of $2.13 for regular hours worked, including overtime hours worked.

13.     Named Plaintiff routinely worked between 30 and 50 hours per week, and occasionally worked overtime.

14.     In seeking to comply with the FLSA mandate that employees receive a minimum wage of $7.25 per hour for regular hours worked and $10.88 for overtime hours worked, NY Pizza Co. purported to utilize a "tip credit" for each hour worked by Named Plaintiff and other servers at NY Pizza Co.'s Georgia restaurants. *See* 29 U.S.C. § 203(m).  For example, the "tip credit" for Named Plaintiff was $5.12 for each hour worked.

15.     NY Pizza Co. had a policy and practice of requiring Named Plaintiff and its other servers to spend more than 20% of their shift performing non-tip-producing work, including, but not limited to, washing dishes, rolling garlic knots, rolling silverware, stocking the refrigerator, prepping salads, cleaning the restaurant, cleaning the bathrooms, vacuuming, mopping, stocking plates, and folding/constructing pizza boxes.  This non-tip-producing work took approximately 50% of the time Named Plaintiff and those similarly situated spent working in the store.

16.     When the tips received by Plaintiff and similarly situated servers did not cover the difference between the lower tipped hourly rate they receive and the $7.25 per hour statutory minimum wage, NY Pizza Co. did not make any payments to Plaintiff and similarly situated servers to ensure that they were paid the FLSA-mandated minimum wage.

## COLLECTIVE ALLEGATIONS

17.     Named Plaintiff brings her FLSA claim pursuant to 29 U.S.C. § 216(b) on behalf of all individuals who, during any time within the past three years, were employed as servers at

any NY Pizza Co. restaurant.

18.     Named Plaintiff's FLSA claims should proceed as a collective action because Named Plaintiff and other similarly situated servers, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## CAUSES OF ACTION

### COUNT I

**Violation of the Minimum and Overtime Wage Requirements of the FLSA**

19.     All previous paragraphs are incorporated as though fully set forth herein.

20.     The FLSA entitles employees to a minimum hourly wage of $7.25 and an overtime hourly wage of $10.88.

21.     While restaurants may utilize a "tip credit" to satisfy their minimum wage obligations to servers, they forfeit the right to do so when their tipped employees—such as NY Pizza Co.'s servers—spend more than 20% of their shift performing non-tip-producing work.

22.     By requiring Named Plaintiff and other servers to spend more than 20% of their shift performing non-tip-producing work, NY Pizza Co. has forfeited its right to utilize the "tip credit" in satisfying its minimum wage obligations to Named Plaintiff and other servers. As such, NY Pizza Co. has violated the FLSA's minimum and overtime wage mandates by paying Plaintiff and other servers an hourly wage below $7.25 for regular hours worked and below $10.88 for overtime hours worked.

23.     In violating the FLSA, NY Pizza Co. has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiff prays for the following relief, on behalf of herself and

all others similarly situated:

A.      An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.      Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b), to all similarly situated workers;

C.      A finding that NY Pizza Co. violated the FLSA;

D.      A finding that NY Pizza Co.'s FLSA violations are willful;

E.      A judgment against NY Pizza Co. and in favor of Named Plaintiff and similarly situated workers for compensation for all unpaid and underpaid wages that NY Pizza Co. failed and refused to pay in violation of the FLSA;

F.      Prejudgment interest to the fullest extent permitted under the law;

G.      Liquidated damages to the fullest extent permitted under the FLSA;

H.      Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA and Federal Rules of Civil Procedure; and

I.      Such other and further relief as this Court deems just and proper in equity and under the law.

## JURY DEMAND

Named Plaintiff demands a jury as to all claims so triable.

Dated: August 30, 2018

Respectfully submitted,

_/s/ Michael J. Moore_____
**MICHAEL J. MOORE (GA Bar No. 520109)**
**AIMEE J. HALL (GA Bar No. 318048)**
POPE MCGLAMRY, KILPATRICK, MORRISON & NORWOOD, P.C.
3391 Peachtree Road, NE, Suite 300
P.O. Box 191625 (31119-1625)

Atlanta, GA  30326
Telephone: (404) 523-7706
michaelmoore@pmkm.com
aimeehall@pmkm.com
efile@pmkm.com

**DAVID W. GARRISON (No. 24968)\***
**JOSHUA A. FRANK (No. 33294)\***
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

*\* Pro Hac Vice* Motion anticipated

*Attorneys for Plaintiff*